UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 19-mj-23798-RNB-CAB |
| Plaintiff, | **ORDER ON APPEAL** |
| v. | **[Doc. No. 10]** |
| MANUEL MELGAR-DIAZ, | |
| Defendant. | |

On September 16, 2019, defendant Manuel Melgar-Diaz entered a guilty plea before the magistrate judge to a violation of 8 U.S.C. § 1325(a)(1), attempting to enter the United States at a time or place other than as designated by immigration officers. [Doc. Nos. 7, 17.] The defendant admitted, under oath in the presence of his appointed counsel, that on September 7, 2019, he crossed the border from Mexico into the United States at a place other than a designated port of entry; that at that time he was not a citizen or national of the United States; that when he crossed he intended to enter the United States at a place other than a designed port of entry; and it was his intent not to be detected, apprehended or taken into custody by government authorities and to roam freely in the United States. [Doc.

1

No. 17, at 10-11[1].] Defendant's counsel acknowledged that defendant's plea was knowing and voluntary. [Id., at 11.] The court accepted the defendant's plea and he was sentenced to time served. [Doc. No. 8.]

At the time of the defendant's plea, the only objection raised by the defendant was his contention that the elements of a § 1325(a)(1) misdemeanor offense also include the defendant's knowledge of his alien status. The magistrate judge overruled that objection and the plea and sentencing proceeded without further objection. [Doc. No. 17, at 10.]

Defendant now timely appeals his misdemeanor conviction under Fed. R. Crim. P. 58(g)(2)(B) and 18 U.S.C. § 3402. [Doc. No. 10.]

Defendant moves the Court to vacate his conviction for improper entry by an alien for four separate reasons. First, he contends his constitutional guarantees of due process and equal protection were violated because, based on race, national origin and alienage, defendants charged with misdemeanor § 1325 violations are treated differently in the District Court for the Southern District of California than others charged with similar or more serious offenses. Second, the defendant contends that § 1325 is unconstitutional because it violates equal protection by imposing different burdens on men and women. Third, he argues that § 1325(a)(1) violates the non-delegation doctrine and is void for vagueness. Finally, the defendant argues that the charging documents, elements of the offense as presented to the defendant and factual basis fail to reflect the correct elements of § 1325(a)(1). [Doc. No. 18, at 3.] For the reasons set forth below, the defendant's conviction is affirmed.

1. <u>Defendant's Equal Protection and Due Process Rights were not violated.</u>

The defendant asserts that the government's manner of prosecution of his violation of 8 U.S.C. § 1325(a), the crime of Illegal Entry, and the subsequent criminal proceedings in

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

the District Court were improperly based on alienage and violated his equal protection and due process rights.

The defendant claims that the government discriminated against him because he is a noncitizen of Hispanic origin, by arresting him and taking him into custody for a misdemeanor violation, rather than issuing him a citation and notice to appear at the court's weekly calendar for processing Central Violations Bureau ("CVB") violations. The defendant argues that the government and the District Court for the Southern District of California have instituted a separate "court" that segregates and discriminates against noncitizens of Hispanic origin and denies them the same options afforded everyone else charged with Class B misdemeanors. [Doc. No. 21 at 7.]

Defendant's misdemeanor prosecution was not a substantive and procedural violation of due process and equal protection because he was not treated similarly to a misdemeanant charged pursuant to the Assimilative Crimes Act, 18 U.S.C. § 13, and processed through the CVB docket. The defendant was not charged with a CVB offense. The CVB docket handles all matters charged by citation, information, indictment or complaint pursuant to 18 U.S.C. § 13. These are violations of federal and certain state laws that occur on tribal land or federal property. The defendant is not similarly situated. This equal protection/due process selective enforcement and prosecution argument has been considered and rejected in this district previously. This Court references and incorporates the thorough analysis of the inapplicability of the CVB docket as an alternative for the prosecution of § 1325 violations, set forth in *U.S. v. Chavez-Diaz*, 18-mj-20098, Doc. No. 29, (filed October 10, 2018, and now on appeal).

Defendant's District Court appearance before a U.S. magistrate judge on the court's September 16, 2019 calendar scheduled to handle § 1325 violations was not a violation of his rights. He was not was subjected to a "separate court" under conditions that "shock the conscious." [Doc. No. 21, at 7.]

The defendant appeared in the U.S. District Court on a calendar with the other defendants all charged with the same offense, a § 1325 violation, to be handled together

for organizational purposes based on the charge. The defendant was provided with counsel and advised of his rights under Rule 5 of the Federal Rules of Criminal Procedure. The magistrate judge inquired of the defendant individually as to whether he understood his rights, the elements of the offense and the factual basis for the charge against him. [Doc. No. 17, at 5, 9-11.] The defendant knowingly and voluntarily proceeded with his guilty plea to accept the benefit of the government's recommendation for a time served sentence. The defendant may have preferred to avoid a criminal conviction, be processed in the same manner as a defendant charged with a CVB violation, pay a fine for his violation or receive some alternate disposition, but he has not established that the manner with which his case was prosecuted by the government and handled by the District Court was a violation of his due process or equal protection rights.

2. <u>Defendant has not established that Section 1325 is unconstitutional.</u>

Defendant makes a facial attack on the constitutionality of 8 U.S.C. § 1325, based on *Sessions v. Morales-Santana*, 137 S. Ct. 1678 (2017). In *Morales-Santana*, the Supreme Court held that 8 U.S.C. §§ 1401 and 1409, conferring citizenship to children of unwed persons drew gender-based distinctions, violating equal protection in the Fifth Amendment's due process clause. *Id.* at 1700-01. The Court struck the portion of the statute that applied less onerous physical presence requirements on unwed mothers, and held the same requirements imposed on unwed fathers should be applied to both genders prospectively. *Id.* at 1701.

Defendant argues that the element of his § 1325 offense requiring he be an "alien" at the time of his unlawful entry, is defined by statutes found invalid in *Morales-Santana*, and therefore § 1325 is constitutionally invalid.

This argument has been rejected by the Ninth Circuit in *U.S. v. Madero-Diaz*, 752 Fed. Appx. 537, 538 (9th Cir. 2019). *Morales-Santana* does not address the constitutionality of 8 U.S.C. § 1325, or the definition of "alien" in all contexts. *Morales-Santana* applied to a distinct population of individuals who could claim derivative citizenship based on the U.S. citizenship of a parent, and addressed the constitutionality of

a gender-based distinction applied to this class of individuals. These circumstances were not at issue in *Madero-Diaz,* and they are not at issue in this case.

Defendant was convicted under 8 U.S.C. § 1325, after admitting that at the time he attempted to enter the United States, he was an alien, not a natural-born or naturalized citizen of the United States. [Doc. No. 17, at 9.] He has provided no argument to support his contention that § 1325 itself "violates equal protection by imposing different burdens on men and women." [Doc. No. 18, at 3.] The element of alienage in this offense was not affected by *Morales-Santana* and he was not convicted under a law classifying on an impermissible basis. *Madero-Diaz*, at 538; *see also U.S. v. Duffy*, 773 F. App'x 947, 949 (9th Cir. 2019) (defendant's conviction under 8 U.S.C. § 1326, which incorporates definitions of "alien" and "citizen" that were not affected by *Morales-Santana*.)

3. <u>Defendant has not established that § 1325(a)(1) violates the non-delegation doctrine and is void for vagueness.</u>

Section 1325(a)(1) provides in part that any alien who enters or attempts to enter the United States <u>at any time or place other than as designated by immigration officers</u> shall be guilty of a misdemeanor. 8 U.S.C. § 1325(a)(1)(emphasis added). The defendant argues that this violates the nondelegation doctrine and is impermissibly vague because it permits executive-branch officials the discretion to designate what constitutes a crime under § 1325(a), by giving "any immigration officer, including any Border Patrol agent" the discretion to designate times and places for entry "for any reasons or no reason at all." [Doc. No. 18, at 22-23.]

This argument was raised, thoroughly analyzed and rejected on a motion to dismiss in *U.S. v. Revolorio-Tambito*, 19mj10657-JBL, 2019 WL 525086, *1-4 (S.D.Cal. Oct. 17, 2019). This Court will not reiterate the entire analysis set forth in *Revolorio-Tambito*, in its adoption herein of that court's reasoning and conclusion. The essential findings are summarized as follows.

Congress has the authority to confer substantial discretion on executive agencies to implement and enforce the law. *Mistretta v. United States*, 488 U.S. 361, 373-74 (1989)

(collecting cases where delegation was upheld). Congress has determined that there should be a proper location and procedure for an alien to seek admission to the United States, by making application for inspection by immigration officers at a desinged port of entry. The details of where and when the ports of entry would be located was left to the executive agency responsible for staffing the facilities. Ports of entry are identified by federal regulation and designated by formal action of the Secretary of Homeland Security. Defendant's argument that any immigration officer can, on a whim, designate or de-designate a port of entry is contrary to the overall statutory scheme and a hypothetical not before the Court. *See Revolorio-Tambito*, at *1-4. Defendant has not established a violation of the non-delegation doctrine or that § 1325 (a)(1) is void for vagueness.

4. <u>The Elements of a § 1325(a)(1) Offense</u>

The defendant argues that his conviction should be vacated because his charging document failed to properly allege all the elements of the charged offense, nor did the magistrate judge inform him of all the elements and he therefore did not admit the correct elements to provide a factual basis for his conviction. Specifically, the defendant contends that the complaint was required to allege that he had "the specific intent to enter the country free from official restraint" and fails to allege "knowledge of alienage."

Rule 3 states that a complaint "is a written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 3. The complaint in this case states:

On or about September 7, 2019, within the Southern District of California, defendant, Manuel Melgar-Diaz, an alien, knowingly and intentionally attempted to enter the United States of America with the purpose, i.e., conscious desire, to enter the United States at a time and place other than as designated by immigration officers, and committed an overt act, to wit, crossing the border from Mexico into the United States, that was a substantial step towards committing the offense all in violation of Title 8, United States Code, Section 1325, a misdemeanor.

[Doc. No. 1.]

The complaint includes the element that the defendant "attempted to enter" the United States. It did not include the language "free from official restraint" which is the

6

legal definition of "enter" in this context. *U.S. v. Gonzalez-Torres*, 309 F.3d 594, 598 (9th Cir. 2002) ("To 'enter' an alien must cross the United States border free from official restraint.") The absence of this language in the complaint, even if considered error, did not however cause the defendant any prejudice.

In reviewing the elements of the offense with the defendant at his plea colloquy, the magistrate judge set forth the elements of the offense charged, including, that,

"the defendant also had the specific intent to enter the United States free from official restraint, meaning the defendant intended to enter without being detected, apprehended, or taken into custody by Government authorities so he could roam freely in the United States."

[Doc. No. 17, at 9.]

The defendant acknowledged he understood the elements, including this intent element, and admitted that he entered the United States on September 7, 2019, three days before he was apprehended, with the intent to enter without being detected, apprehended or taken into custody so he could roam freely in the United States. [Id., at 9-11.] The factual basis for this element was established.

The defendant has not demonstrated that the asserted defect in the complaint affected his substantial rights. Any error in the charging document was harmless.

Finally, the defendant argues that the complaint was fatally deficient because it failed to allege that the defendant knew was an alien. This was the only objection raised by the defendant at his plea and sentencing. The Court finds no error.

Defendant argues that *Rehaif v. United States*, 139 S.Ct. 2191 (2019), dictates that the offense in this case must include in the charge that the defendant knew he was an alien at the time of his attempted entry. The defendant in *Rehaif* was charged with violation 18 U.S.C. § 922(g), which bars certain persons, including aliens who are 'illegally or unlawfully in the United States," from possessing firearms. A person who knowingly violates § 922(g), is subject to fine or imprisonment. 18 U.S.C. § 924(a)(2). The Supreme Court held that to violate § 922(g) and be subject to fine or imprisonment under § 924(a)(2),

the government must prove the defendant knew he was an alien unlawfully in the United States at the time he possessed the firearm. *Id.* at 2194.

Defendant seeks to extend the *Rehaif* holding to encompass a violation of 8 U.S.C. § 1325(a)(1), arguing that an attempted entry charge must include as an element that the defendant also knew his alienage status. This argument was thoroughly analyzed and rejected in *U.S. v. Nunez-Soberanis*, 406 F.Supp.3d 835, 842-845 (S.D.Cal. 2019). This Court joins the analysis and reasoning set forth in the *Nunez-Soberanis* decision and denies the request to vacate on this basis.

For the foregoing reasons, the conviction is affirmed and defendant's challenges to his prosecution and conviction are DENIED.

Dated: January 13, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge